# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| EMMANUEL C. GONZALEZ,<br><br>    Plaintiff,<br><br>v<br><br>ZUILILY, INC.,<br><br>    Defendant | CASE NO 2:14-CV-630-JRG-RSP<br><br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

**SOCIAL CONCEPTS, INC.'S MOTION TO TRANSFER VENUE TO THE
NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 USC § 1404(a)**

**I.     INTRODUCTION**

This case should be transferred to the Northern District of California because it is the clearly more convenient venue for a dispute between Mr. Gonzalez and Social Concepts. Most importantly, the Northern District of California is where Social Concepts resides and where most of the relevant witnesses and evidence will be found. Conversely, this case has no special or unique connection to the Eastern District of Texas. Given none of the relevant factors favor keeping this case in Texas and most of the relevant factors favor transfer, the Court should transfer this case to the Northern District of California.

The issues presented in this Motion to Transfer are very similar to the issues presented in pending Motions to Transfer filed by defendants Zulilly (Ex. A, Dkt. No. 10) and AutoTrader (Ex. B, Dkt. No. 13). Although those defendants seek transfer to different jurisdictions (based on their respective principal places of business), the background facts and authorities they discuss are similarly relevant to this Motion. In the interest of efficiency and brevity, rather than repeating the background facts and relevant authorities described in detail by Zulily and AutoTrader, Social Concepts incorporates those briefs by reference. What follows is a concise examination of the relevant factors (supported by an accompanying declaration from Social Concepts), which demonstrates that this case should be transferred to the Northern District of California.

**II.    THE CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA**

This case should have been filed in the Northern District of California. Now that it has been filed in the Eastern District of Texas, however, the Court has broad discretion to transfer it to the clearly more convenient forum. *See, e.g., In re Radmax, Ltd.,* 720 F.3d 285, 288 (5th Cir. 2013) ("[a] motion to transfer venue should be granted upon a showing that the transferee venue

'is clearly more convenient than the venue chosen by the plaintiff.") (*citing In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*).

The transfer inquiry has two parts: whether the action could have been brought in the transferee court, *Volkswagen II*, 545 F.3d at 312, and if so, whether transfer is appropriate for the "convenience of the parties and witnesses" and the "interests of justice." *Id.* at 315. In determining whether transfer is appropriate, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *Id.; In re Nintendo,* 589 F.3d 1194, 1198 (Fed. Cir. 2009). The plaintiff's choice of venue is not a factor in this analysis. *UltimatePointer, LLC v. Nintendo Co., Ltd.,* 6:11-cv-00496, Dkt. 448 at *8 (E.D. Tex. 2014) (*citing Volkswagen II,* 545 F.3d at 314-15).

A. **Mr. Gonzalez Could Have Filed This Lawsuit in the Northern District of California**

Venue is proper in a patent infringement case in any district where the defendant is subject to personal jurisdiction at the time of suit. 28 U.S.C. §§ 1391(c), 1400(b). It is undisputed that Social Concepts' principal place of business is in Redwood City, California, within the Northern District of California. (Compl. ¶ 2.) Accordingly, Social Concepts is subject to personal jurisdiction in the Northern District of California, and Mr. Gonzalez could have filed this lawsuit there.

B. **The Private Factors Weigh Heavily in Favor of Transfer**

The private factors weigh heavily in favor of transfer.

1. **The Relative Ease of Access to Sources of Proof Factor Heavily Favors Transfer**

An alleged infringer's proof is particularly important to venue transfer analysis in patent infringement cases. *See In re Genentech*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). In *Droplets, Inc. v. eBay, Inc.*, the court found this factor weighed "heavily" in favor of transfer where all of

the defendant's party witnesses and documents were located in the proposed transferee district, whereas, none were located in the transferor district. Case No. 2:11-CV-00401, Dkt. 120, at pp. 6-7 (E.D. Tex. 2012). These same facts also are present here as nearly all of Social Concepts' key witnesses and documents are located in Redwood City, California. (*See Hedlund* Decl. ¶¶ 7-12.)[1] No such witnesses or documents are located in the Eastern District of Texas. (*Id.* ¶ 13.) Accordingly, this factor heavily favors transfer.

### 2. The Compulsory Process Factor Favors Transfer

The Federal Circuit has noted that where "a substantial number of witnesses [are] within the subpoena power of the [transferee] district" and "no witness who can be compelled to appear in the Eastern District of Texas," "[t]he fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, *and not only slightly.*" *In re Genentech*, 566 F.3d at 1345 (emphasis added). Social Concepts knows of no relevant witnesses within the subpoena power of this Court. However, the Northern District of California will have subpoena power over the employees at Social Concepts' Redwood City headquarters. Thus, this factor also favors transfer.

### 3. The Cost of Attendance for Witnesses Heavily Favors Transfer

"When the distance between an existing venue for trial of a matter and a proposed venue . . . is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Nintendo*, 589 F.3d at 1198. Additional distance from home means additional travel time, which increases the cost for meals and lodging, which further increases the time that fact witnesses must be away from their regular

---

[1] The Declaration of Michael Hedlund in Support of Social Concepts' Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(A) is referred to herein as the "Hedlund Decl."

jobs. *Volkswagen II*, 545 F.3d at 317. For this reason, the Fifth Circuit has noted that "it is an obvious conclusion that it is more convenient for witnesses to testify at home." *Id*.

With the exception of a single remote employee in Washington state (also closer to the N.D. Cal than E.D. Tex.), all of the individuals Social Concepts has identified as possibly having relevant information are located in or around the Northern District of California. (Hedlund Decl. ¶¶ 7-12.) They could drive to the courthouse from Social Concepts' offices in approximately 30 minutes.[2] (Hedlund Decl. ¶ 4) Moreover, trial in the Northern District of California would allow the employees to continue working at headquarters during trial, thus resulting in a significantly smaller disruption to Social Concepts' business than travel to Marshall, Texas. (Hedlund Decl. ¶ 14.) This potential disruption is even more acute given the relatively small number of Social Concepts' employees performing key functions. (Hedlund Decl. ¶ 14.)

In contrast, to get to the Eastern District of Texas, the employees would need to travel approximately 1,800 miles to Marshall, through Shreveport, Louisiana (nearly four hours of flying time), or through Dallas, which requires a lengthy flight (more than three hours) and more than two hours of driving. (*See* Exhibit D (attaching maps and flight times); and *see generally* Exhibit A at 9.) The Northern District of California also is more convenient for the likely non-party prior art witnesses. The known Amazon prior art development employees still live and work in Seattle, which is considerably closer to the Northern District of California than the Eastern District of Texas (*See* Exhibit A at 10.) The same is true for Microsoft's prior art witnesses. (*See* Exhibit A at 10.)

Meanwhile, plaintiff's travel considerations in the transfer analysis are, at best, neutral. Mr. Gonzalez's primary residence is in Cebu, Philippines; thus, neither the Eastern District of

---

[2] Social Concepts used its proximity to the San Jose division as exemplary of the convenience to the N.D. Cal.; however, the Oakland and San Francisco divisions of the N.D. Cal. are nearly equidistant from Social Concepts' headquarters and similarly convenient. See Exhibit C (map of Northern California).

Texas nor the Northern District of California would be convenient for trial. On the other hand, Mr. Gonzalez has indicated that he has a residence in British Columbia, Canada (Comp. ¶ 1), which is considerably more convenient to the Northern District of California than to Texas. Accordingly, transfer of this matter to the Northern District of California may also result in time and cost savings for Mr. Gonzalez.

### 4. No Practical Problems Weigh Against Transfer

The final private factor concerns other practical problems that make trial of a case easy, expeditious and inexpensive. However, nothing -- other than the mere filing of the Complaint -- has happened in this case to tie it to Texas.

## C. The Public Interest Factors Weigh in Favor of Transfer

The public interest factors all favor or are neutral to transfer.

### 1. The Court Congestion Factor

The first public factor concerns the speed with which a case can come to trial and be resolved. Given the court congestion in the Northern District of California and the Eastern District of Texas is very similar, this factor is, at worst, neutral. *See Evolutionary Intelligence, LLC v. Apple, Inc., et al*, 2013 WL 8360309, No. 6:12-cv-00783 (E.D. Tex. Aug. 27, 2013) (noting that the respective time to trial in the N.D. Cal. and E.D. Tex. is within "a few months").

### 2. The Local Interest Factor Favors Transfer

Because Social Concepts is headquartered in Redwood City, California, and because the accused website is supported there, the Northern District of California has a strong localized interest in this action that the Eastern District does not. In particular, this lawsuit calls into question the activities of Social Concepts' employees residing and doing business in Redwood City. *See In re Hoffmann-La Roche*, 587 F.3d at 1336 ("the [transferee venue's] local interest in this case remains strong because the cause of action calls into question the work and reputation

of several individuals residing in or near that district and who presumably conduct business in that community."). The same cannot be said of anyone in this District.

Although plaintiff alleges that Social Concepts "transact[s]" business in the Eastern District of Texas (Compl. ¶ 5), this is not relevant because the same is equally true throughout the United States. *Optimum Power Solutions LLC v. Apple*, 794 F. Supp. 2d 696, 701 ("[f]or purposes of venue transfer analysis, local interests that could apply virtually to any judicial district . . . are disregarded in favor of particularized local interests."). This factor weighs strongly in favor of transfer to the Northern District of California.

### 3. The Court's Familiarity With the Law Factor Is Neutral

This case calls for a straight-forward application of patent law. Both the Eastern District of Texas and the Northern District of California have substantial familiarity with patent law, indeed both of them have adopted Local Patent Rules.[3] This factor is therefore neutral.

To the extent Mr. Gonzalez has other litigations involving the same patents in this District, little or no judicial activity has occurred. (*See* Exhibit A at 12.) Those cases are all in their very early stages and do not justify keeping this case in this District given the party and non-party witness and evidence considerations detailed above. *See generally In re Zimmer Holdings, Inc.*, 607 F.3d 1378, 1382 (Fed. Cir. 2010); *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 n.3 (Fed. Cir. 2010) (patent owner does not get "a free pass to maintain all future litigation" in a district after pursuing an initial case in the venue).

### 4. The Conflict of Laws Factor Is Neutral

This factor is neutral as neither district has any particular advantage with regard to conflict of laws.

---

[3] *Compare* http://www.txed.uscourts.gov/cgi-bin/view_document.cgi?document=1179 with http://www.wawd.uscourts.gov/sites/wawd/files/LRPatentRules-Final.pdf.

## III. CONCLUSION

For the foregoing reasons, the balance of the private and public factors demonstrates that the Northern District of California is the "clearly more convenient" venue, and Social Concepts requests the Court therefore grant this Motion to Transfer.

Respectfully submitted,

Dated: August 21, 2014

By: */s/ John M Guaragna*
John M Guaragna
TX Bar No 24043308
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel: 512.457.7125
Fax: 512.457.7001
Email: johnguaragna@dlapipercom

**ATTORNEY FOR DEFENDANT
SOCIAL CONCEPTS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 21, 2014, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)  Any other counsel of record will be served by a facsimile transmission and/or first class mail

*/s/ John M Guaragna*
John M Guaragna

# CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Rule CV-7(i), the undersigned conferred with M. Scott Fuller, counsel for Plaintiff by telephone on August 20, 2014 regarding Social Concepts' intent to file this motion, and Mr. Fuller stated that Plaintiff is opposed to the relief Social Concepts seeks.

*/s/ John M Guaragna*
John M Guaragna
