## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **EMMANUEL C. GONZALEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No. 2:14-cv-0630** |
| **vs.** | § | **Consolidated Lead Case** |
| | § | |
| **ZULILY, INC.,** | § | **JURY DEMAND** |
| | § | |
| **Defendant.** | § | |

_____

| | | |
|---|---|---|
| **SOCIAL CONCEPTS, INC.** | § | **Case No. 2:14-cv-0650** |

_____

| | | |
|---|---|---|
| **AUTOTRADER.COM, INC.** | § | **Case No. 2:14-cv-0651** |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## BRIEF AND EXHIBITS UNDER SEAL

Plaintiff Emmanuel Gonzales respectfully requests leave from the Court to file his Brief in Opposition to Defendant Zulily's Motion to Transfer Venue [Docket No. 10], including all exhibits thereto, under seal.  In support thereof, Plaintiff respectfully shows the following:

1. This case is in its very early stages and, as such, no Protective Order has yet been entered.

2. On July 16, 2014, Defendant Zulily filed the referenced Motion to Transfer Venue to the Western District of Washington.  Thereafter, this Court granted Plaintiff leave to conduct venue-related discovery [*see* Docket No. 15].

3. The venue-related discovery received from Zulily includes data and information marked "Confidential – Outside Attorney's Eyes Only."  As such, Plaintiff desires to honor the confidentiality of Zulily's corporate information by sealing the contents of the Brief and Exhibits being filed by Plaintiff in response to the Motion to Transfer.

4. The decision to seal the record of judicial proceedings is left to the sound discretion of the Court. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978). However, the Fifth Circuit has indicated that that discretion should be "exercised charily." *Securities and Exchange Commission v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). One basis for sealing judicial records is if it is a source of "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. The Court must balance the public's common law right of access against the interests favoring nondisclosures. *Van Waeyenberghe*, 990 F.2d at 848.

5. Therefore, pursuant to Local Rule 5(a)(7), Plaintiff respectfully requests permission from the Court for the materials be filed under seal.

August 22, 2014

Respectfully submitted,

   /s/   M. Scott Fuller
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@lockelord.com
Paul D. Lein
   Texas Bar No. 24070133
   plein@lockelord.com
Darrian L. Campbell
   Texas Bar No. 24087250
   dcampbell@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR PLAINTIFF**
**EMMANUEL C. GONZALEZ**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on the 2nd day of August, 2014, the subject matter of the foregoing Motion was discussed with counsel for Zulily.  Opposing counsel does not oppose the relief requested herein.

   /s/   M. Scott Fuller

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2014, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

I further certify that a copy of the Brief and Exhibits being filed under seal were served on all counsel of record in these consolidated cases.

/s/ M. Scott Fuller