**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **EMMANUEL C. GONZALEZ,** | § § | |
| *Plaintiff,* | § § | **Case No. 2:14-cv-00630** **Consolidated Lead Case** |
| vs. | § § | **JURY DEMAND** |
| **ZULILY, INC.,** | § § | |
| *Defendant.* | § | |
| **SOCIAL CONCEPTS, INC.** | § | **Case No. 2:14-cv-0650** |
| **AUTOTRADER.COM, INC.** | § | **Case No. 2:14-cv-0651** |

**AUTOTRADER.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO TRANSFER**

Plaintiff's opposition fails to rebut the key facts in favor or transfer: no witnesses are located in the EDTX; all of AutoTrader's relevant witnesses and evidence are located in the NDGA; and, Plaintiff cannot contend that he would be inconvenienced by a NDGA venue. Plaintiff asks this Court to ignore the geographical location of the most relevant witnesses (the AutoTrader employees who design and operate the Accused Website) in favor of "potential witnesses [] located across the United States" who *might* exist, *might* have knowledge about the case, and who *might* be nearer to the EDTX.  Plaintiff has not provided any evidence that any of these "potential" people or companies have material knowledge about the case.

In every patent case filed in every court in the U. S., some witnesses may be located other than where the defendant is located.  The core question is really one of comity and convenience – where should the suit most logically be tried?  Here, in the absence of any compelling basis for the suit being retained in the EDTX, it is clear that NDGA is the proper venue.  It is of no moment that two patent prosecution attorneys located in California and Colorado *might* be deposed, as it will require travel to depose them regardless of the venues being considered.  It is also irrelevant that two of Plaintiff's retained "consulting experts" are "in and near Dallas." Opp. at 3.  Plaintiff has not offered and cannot offer any proof that a single witness who has relevant knowledge resides in the EDTX.  Mr. Gonzalez's arguments thus fail as a matter of law.

Even if the Court assumes the relevance that Plaintiff fails to establish, his suggestion that this Court is centrally located also fails as a matter of law. *See In re Genentech, Inc.* 566 F.3d 1338, 1344-45 (Fed. Cir. 2009) ("[T]he district court improperly used its central location as a consideration in the absence of witnesses within the plaintiff's choice of venue."). None of Plaintiff's listed witnesses are in the EDTX; Plaintiff's speculation does not avoid a transfer.

There is no reason to delay transfer for any reason. Plaintiff's request to delay transfer until the close of discovery is contrary to law and logic. *See In re EMC Corp.*, 501 Fed. App'x 973, n.1 (Fed. Cir. 2013). The location of the witnesses and evidence in Georgia, and Federal Circuit precedent, compel transfer at this early point in the case.

## I. THE COURT SHOULD GRANT AUTOTRADER'S MOTION

### A. Mr. Gonzalez's Speculation is Not Relevant

This Court disregards transfer arguments based on speculation about witnesses' knowledge. The party must instead provide proof "that a witnesses testimony is material and relevant." *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 766-67 (E.D. Tex. 2009). Plaintiff has failed to provide proof that the listed witnesses have any relevant information about the case.

**AutoTrader's "Vendors."** Plaintiff lists a variety of AutoTrader's vendors that "provide functionality" for, or are "otherwise associated with" the operability of the Accused Website. Opp. at 6. He suggests (without citation) that a "key component of [his] infringement and damages theories" involves AutoTrader's "targeted advertising services." *Id*. In reality, these vendors are *irrelevant* to his infringement theory. Attorney arguments about "key components" of the case are not evidence. *In re Triton Ltd. Secs. Litig*., 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999). The vendors that Plaintiff lists were not part of his Infringement Contentions. *See* Suppl. Kulinski Decl. ¶ 4, Exs. A-D (PICs, naming none of the vendors). Plaintiff had an affirmative obligation to include the vendors in his PICs if he had any such contention. *See Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) (plaintiff had obligation to examine and include publicly available information in his P.R. 3-1 PICs). The vendors have no material connection to this case and where they are located is irrelevant to this motion to transfer. Even if the Court were to assume potential relevance, then the allegedly infringing code of these

vendors would be in AutoTrader's possession in the NDGA. *See* Opening Brief Kulinski Decl. ¶ 8 (explaining all of AutoTrader's website code is in the NDGA). All of AutoTrader's servers are also located in Georgia. Opp. Ex. 5 at 2. The Court should disregard the argument as speculation. *Fujitsu,* 639 F. Supp. 2d at 766-67.

**Prosecuting Attorneys.** Zulily, Inc. ("Zulily") has already addressed this issue fully in its Reply, and AutoTrader adopts those arguments as well. *See* Zulily Reply at 3; ECF No. 30. The question is whether there is any evidence that the possibility of witnesses being deposed in California or Colorado mitigate towards either Atlanta or Marshall as a venue, and clearly the answer is no; it is, at best, neutral. Like Zulily, AutoTrader has not pled inequitable conduct.

**Unnamed Consulting Experts.** Consulting experts are irrelevant for consideration in determining transfer. *See In re Hoffman-LaRoche, Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009).

### B. The §1404(a) Factors Continue to Strongly Favor Transfer

There are three compelling factors favoring transfer: first, the Plaintiff had no contacts with the EDTX; second, all of AutoTrader's witnesses and evidence are located in the NDGA; and third, there were no material witnesses that AutoTrader could identify in the EDTX. Plaintiff has failed to rebut any of these three compelling reasons. There are no factors in Plaintiff's favor on this issue. Plaintiff fairs no better with any of the other §1404(a) factors.

**Cost of Attendance for Willing Witnesses.** Plaintiff cannot, and does not, dispute that the NDGA would be more convenient for the parties. The Court should not disregard this compelling evidence in favor of the possible convenience of third party witnesses that may, or may not, be involved in this suit. Opp. at 8-9[1]. There are no witnesses in the EDTX and Plaintiff

---

[1] Further, Plaintiff's "evidence" of the relative travel costs for the possible third parties is inaccurate or incomplete, at best, as he cites time and travel costs to Dallas, not Marshall. *See* Opp. Fuller Decl. at ¶¶ 12-14.

fails to establish the remaining vendors are material. Nothing weighs in favor of the EDTX keeping the case.

**Availability of Compulsory Process.** Plaintiff's reliance on *VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-cv-00011-JRG, 2014 WL 459719 (E.D. Tex. Jan. 31, 2014), is misplaced. In *VirtualAgility*, the Court found this factor was neutral because the plaintiff and defendants each identified non-party witnesses in their respective venues. 2014 WL 459719, at *4-5. Plaintiff identifies no relevant witnesses or even listed vendors over whom the EDTX has subpoena power. The NDGA has subpoena power over all of AutoTrader's witnesses and a number of key, nonparty witnesses.

**Relative Ease of Access to Sources of Proof.** All of AutoTrader's documents and operations are in the NDGA. One of the primary potential pieces of art will be the Accused AutoTrader Website, which was in operation years before the Plaintiff filed his patent applications. *See* Opening Brief Kulinski Decl. ¶ 5. The NDGA is at least as compelling as any other potential location of prior art that might be involved in this litigation (which Plaintiff acknowledges may be in several cities outside of this District). Plaintiff's remaining argument deserves no weight because he does not establish that the listed witnesses are relevant.

**Other Practical Problems.** Plaintiff contends the co-pending cases weigh against transfer. Opp. at 9. But his cases are in their very early stages – at the time of this filing, the first have just had a scheduling conference, and all three defendants in the consolidated cases have moved for transfer. *Id*. at 2. Plaintiff's reliance on *In re Vistaprint Ltd.* is therefore misplaced because the court in that case "became very familiar with the only asserted patent and the related technology during a prior litigation." 628 F.3d 1342, 1346 (Fed. Cir. 2010). This Court has not engaged substantively with the patents in this or any prior case.

**Court Congestion.** This Court has already set a Markman hearing and a trial date. It is certainly possible that the time to trial would be quicker in this Court than in the NDGA. Relative speed to trial alone does not overcome the fact that none of the parties reside in this District or the fact that all of the relevant witnesses and evidence are located in the NDGA.

**Local Interests.** AutoTrader is headquartered in the NDGA. All of AutoTrader's research, design, development and maintenance of the Accused Website, and the decisions relating marketing and financing occurred there. Opening Brief at 2. These activities create a cognizable, local interest. *Personal Audio, LLC v. CBS Corp.*, No. 2:13-cv-270-JRG, 2014 WL 1202698 (E.D. Tex. Mar. 20, 2014). Plaintiff incorrectly focuses on the revenue AutoTrader has earned from the sale of vehicles in Texas. Opp. at 11. AutoTrader is not contesting personal jurisdiction in this Court. It admits that it sells and contracts nationwide, including in the EDTX and every judicial district. A small number of sales in the EDTX is not a reasonable basis to deny transfer. *See Ultimatepointer, LLC v. Nintendo Co., Ltd.*, No. 6:11-cv-496, (E.D. Tex. June 17, 2014), ECF 448 at 15. Plaintiff ignores the significantly *greater* number of shoppers in the Atlanta, GA DMA as opposed to Shreveport, LA DMA (the closest DMA to this Court).

## II. CONCLUSION

Plaintiff has no significant connection to this District. There might (or might not) be third party witnesses that are located in many places. There are no witnesses or evidence in the EDTX. All of AutoTrader's witnesses and evidence are in the NDGA. The law and proof compel transfer to the NDGA.

Dated:  September 11, 2014	Respectfully submitted,

  /s/ Alan Albright	
Alan Albright
Texas Bar No. 00973650
Stephanie G. Stella
Virginia Bar No. 77358
(admitted *pro hac vice*)
SUTHERLAND ASBILL & BRENNAN LLP
One American Center
600 Congress Avenue, Suite 2000
Austin, Texas 78701
Phone: (512) 721-2700
Facsimile: (512) 721-2656
Email: alan.albright@sutherland.com
      stephanie.stella@sutherland.com

*Attorneys for Defendant/Counterclaimant*
*AutoTrader.com, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on September 11, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

    M. Scott Fuller
    Texas Bar No. 24036607
    sfuller@lockelord.com
    Paul D. Lein
    Texas Bar No. 24070133
    plein@lockelord.com
    Darrian L. Campbell
    Texas Bar No. 24087250
    dcampbell@lockelord.com
    **LOCKE LORD LLP**
    2200 Ross Avenue, Suite 2200
    Dallas, Texas 75201-6776
    Telephone: (214) 740-8000
    Facsimile: (214) 740-8800

    *Attorneys for Plaintiff/Counterclaim*
    *Defendant Emmanuel C. Gonzalez*

    */s/ Alan Albright*
    Alan Albright