# Exhibit 1

Case 2:14-cv-00630-JRG-RSP   Document 39-1   Filed 09/16/14   Page 1 of 8 PageID #: 1439

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **EMMANUEL C. GONZALEZ,** § | | |
| § | | |
| Plaintiff, § | | |
| § | Case No. 2:14-cv-0630 | |
| vs. § | Consolidated Lead Case | |
| § | | |
| **ZULILY, INC.,** § | JURY DEMAND | |
| § | | |
| Defendant. § | | |

_____
**SOCIAL CONCEPTS, INC.** § Case No. 2:14-cv-0650
_____
**AUTOTRADER.COM, INC.** § Case No. 2:14-cv-0651

# DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1. Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the

        case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action; and

(g)     any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)     if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

(a)     provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.
>
> **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

- fifteen (15) common interrogatories. A common interrogatory, when served by Plaintiff, is an interrogatory served on all Defendants by Plaintiff. A common interrogatory, when served by Defendants, is an

interrogatory served on Plaintiff by all Defendants.  Any interrogatories served by less than all Defendants on Plaintiff shall be counted as an individual interrogatory, and any interrogatory served by Plaintiff on less than all Defendants shall likewise be counted as an individual interrogatory;
- ten (10) additional individual interrogatories served by Plaintiff on to each individual Defendant;
- ten (10) additional individual interrogatories served by each Defendant to Plaintiff;
- thirty (30) common requests for admission for issues other than authentication of documents.  A common request for admission, when served by Plaintiff, is a request served on all Defendants by Plaintiff.  A common request for admission, when served by Defendants, is a request served on Plaintiff by all Defendants.  Any requests for admission served by less than all Defendants on Plaintiff shall be counted as an individual request, and any request for admission served by Plaintiff on less than all Defendants shall likewise be counted as an individual request;
- fifteen (15) additional individual requests for admission served by Plaintiff to each individual Defendant;
- fifteen (15) additional individual requests for admission served by each individual Defendant to Plaintiff;
- an unlimited number of requests for admission for each side for the authentication of documents, public use, publication, and availability;
- sixty (60) hours of oral depositions to be taken by Plaintiff, excluding expert depositions and Rule 30(b)(6) depositions; however, Plaintiff is allowed no more than forty-two (42) total hours of deposition for each Defendant.
- one hundred (100) hours of oral depositions to be taken by Defendants collectively, excluding expert depositions;
- five (5) hours of deposition testimony of the named inventor in his individual capacity, taken jointly by Defendants, with two (2) additional hours of deposition testimony from the inventor for each individual Defendant;
- twenty-one (21) hours of Rule 30(b)(6) deposition testimony from each individual Defendant to be taken by Plaintiff;
- seven (7) hours of deposition testimony taken by Plaintiff of Defendants' expert witness per major issue (e.g. non-infringement, invalidity) submitted by the expert EXCEPT if Defendants use a single non-infringement/invalidity expert, then Plaintiff shall be limited to five (5) hours for non-infringement per Defendant, and seven (7) hours total for invalidity.; and
- seven (7) hours of deposition testimony taken by each Defendant of Plaintiff's expert witness per major issue (e.g. infringement, invalidity) submitted by the expert EXCEPT if Plaintiff uses a single infringement/validity expert, then Defendants shall be limited to five (5)

        hours each for non-infringement, and seven (7) hours collectively for validity.

Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b) In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

  (c)  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings**.  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery:** None.

**IT IS SO ORDERED.**