IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMMANUEL C. GONZALEZ,<br><br>Plaintiff,<br><br>v<br><br>ZULILY, INC.,<br><br>Defendant | CASE NO 2:14-CV-630-JRG-RSP<br><br>Consolidated Lead Case<br><br>JURY DEMAND |

**SOCIAL CONCEPTS, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE**

Plaintiff's opposition fails to rebut the key facts: no witnesses are located in the Eastern District of Texas; all of Social Concepts' relevant witnesses and evidence are located in the Northern District of California; and, Mr. Gonzalez cannot contend that he would be inconvenienced by a Northern District of California venue. Mr. Gonzalez asks this Court to ignore the most relevant witnesses (the Social Concepts' employees who design and operate the Accused Website) in favor of "potential witnesses [] located across the United States" who *might* exist, *might* have knowledge about the case, and who *might* be nearer to the Eastern District of Texas. But, Plaintiff has not provided any evidence that any of these people or companies have material knowledge about the case.

In every patent case filed in every court in the U.S., some witnesses may be located other than where the defendant is located. Here, in the absence of any unique basis for the suit being retained in the Eastern District of Texas, it is clear that the Northern District of California is the proper venue. It is of little moment that two patent prosecution attorneys located in California and Colorado (closer to NDCA than EDTX) *might* be deposed, as it will require travel to depose them regardless of the venues being considered. It is also irrelevant that two of Plaintiff's

retained "consulting experts" are "in and near Dallas." Opp. at 8. Plaintiff has not and cannot offer any proof that a single potential witness he lists has relevant knowledge or resides in the Eastern District of Texas. Mr. Gonzalez's arguments thus fail as a matter of law.

Mr. Gonzalez's appeal to juridical efficiency also is misplaced. The fact there may be multiple cases in different venues does not justify denying transfer where there is a clearly more convenient venue for this dispute. *See In re Genentech*, 566 F.3d 1338,1344-45 (Fed. Cir. 2009) ("[T]he district court improperly used its central location as a consideration in the absence of witnesses within the plaintiff's choice of venue.") There are procedures in place, such as Multidistrict Litigation, to address issues that arise with related cases in multiple districts. But Mr. Gonzalez cannot act as his own Multidistrict Panel in choosing a particular venue that is clearly less convenient.

There also is no reason to delay transfer and Plaintiff's request to do so until the end of discovery is contrary to law. *See In re EMC Corp.*, 501 F. App'x. 973, n.1 (Fed. Cir. 2013). The location of the witnesses and evidence, and Federal Circuit precedent compel transfer at this early point in the case.

**I.     THE COURT SHOULD GRANT SOCIAL CONCEPTS' MOTION**

    **A.     Mr. Gonzalez's Speculation is Not Relevant**

Instead of speculation, the party opposing transfer must instead provide proof "that a witnesses' testimony is material and relevant." *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 766-67 (E.D. Tex. 2009). Plaintiff has failed to provide proof that the witnesses he identifies have any relevant information about the case.

**Social Concepts' "Vendors."** Mr. Gonzalez lists a variety of Social Concepts' third-party vendors as "providing the very platforms upon which" the accused website was built. Opp. at 5-6. He also speculates that he, at some time later, might accuse advertising features provided

by third parties. *Id*. Regardless, all of these vendors are *irrelevant* to his infringement theory. Attorney arguments about "key components" of the case are not evidence. *In re Triton Ltd. Secs. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999). Moreover, the vendors that Mr. Gonzalez lists were not part of his Infringement Contentions. *See Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) (plaintiff had obligation to examine and include publicly available information in his P.R. 3-1 PICs). Therefore, the vendors have no material connection to this case, and where they are located is irrelevant to this motion to transfer. Plaintiff's argument adds no affirmative weight to retaining this case in the Eastern District of Texas, and the Court should disregard the argument as speculation. *Fujitsu,* 639 F. Supp. 2d at 766-67.

**Prosecuting Attorneys.** Zulily, Inc. ("Zulily") has already addressed this issue fully in its Reply, and Social Concepts adopts those arguments as well. *See* Zulily Reply at 3; ECF No. 30.

**Unnamed Consulting Experts.** The location of Plaintiff's consulting experts is irrelevant for consideration in determining transfer. *See In re Hoffmann-LaRoche Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009) (rejecting reliance on Plaintiff's deliberate acts to support venue).

### B. The § 1404(a) Factors Continue to Strongly Favor Transfer

There are three compelling factors favoring transfer: first, the Plaintiff has no connection to the Eastern District of Texas; second, all of Social Concepts' witnesses and evidence are located in the Northern District of California, and third, there are no material witnesses in the Eastern District of Texas. Plaintiff has failed to rebut any of these three compelling facts. And Plaintiff fairs no better with any of the other § 1404(a) factors.

**Cost of Attendance for Willing Witnesses.** Plaintiff cannot, and does not, dispute that the Northern District of California would be more convenient for the parties. The Court should

not disregard this compelling evidence in favor of the possible convenience of third party witnesses that may, or may not, be involved in this suit. Opp. at 7-8[1].

**Availability of Compulsory Process.** Plaintiff's reliance on *VirtualAgility, Inc. v. SalesForce.com, Inc.*, No. 2:13-cv-00011, 2014 WL 459719 (E.D. Tex. Jan. 31, 2014), is misplaced. In *VirtualAgility*, the Court found this factor was neutral because the plaintiff and defendants each identified non-party witnesses in their respective venues. 2014 WL 459719, at *4-5. Plaintiff identifies no relevant witnesses or even listed vendors over whom the Eastern District of Texas has subpoena power. The Northern District of California has subpoena power over all of Social Concepts' witnesses and even several of the third parties Gonzalez identifies (for example, MySQL and BlueLithium).

**Relative Ease of Access to Sources of Proof.** All of Social Concepts' documents and operations are in the Northern District of California. The Northern District of California also is at least as compelling as any other potential location of prior art that might be involved in this litigation (which Plaintiff acknowledges may be in several cities outside of this District). Plaintiff's remaining arguments deserve no weight because he does not establish that the listed witnesses are relevant.

**Other Practical Problems.** Plaintiff contends that the existence of co-pending cases weigh against transfer. Opp. at 8. But these cases are in their very early stages, and all three defendants in the consolidated cases have moved for transfer. Plaintiff's reliance on *In re Vistaprint Ltd.* is therefore misplaced, because the court in that case "became very familiar with the only asserted patent and the related technology during a prior litigation." 628 F.3d 1342,

---

[1] Further, Plaintiff's "evidence" of the relative travel costs for the possible third parties is inaccurate or incomplete, at best, as he cites time and travel costs to Dallas, not Marshall. *See* Opp. Fuller Decl. at par. 7. Moreover, as several of these third parties are located in California, Utah and Colorado, the NDCA is likely the more convenient venue for them as well.

1346 (Fed. Cir. 2010).  This Court has not engaged substantively with the patents in this or any prior case.

**Court Congestion.**  Plaintiff speculates that this case will get to trial faster in the Eastern District of Texas than in the Northern District of California.  However, the relative time to trial is among these two districts is very close, making this factor neutral.

**Local Interests.**  Social Concepts is headquartered in the Northern District of California.  All of Social Concepts research, design, development and maintenance of the Accused Website occurs there.  These activities create a cognizable, local interest.  *Personal Audio, LLC v. CBS Corp.*, No. 2:13-cv-270, 2014 WL 1202698 (E.D. Tex. Mar. 20, 2014).  Plaintiff incorrectly focuses on the revenue Social Concepts has earned from Texas.  Opp. at 10.  This is irrelevant because Social Concepts sells and has contracts nationwide.  A small percentage of sales in Texas is not a reasonable basis to deny transfer.  *See UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*, 6:11-cv-496, ECF 448 at 15 (E.D. Tex. June 17, 2014).

## II.  CONCLUSION

For the foregoing reasons, this case should be transferred to the Northern District of California.

Dated:  October 20, 2014                                Respectfully submitted,

                                                                      */s/ John M. Guaragna*
                                                                      John M. Guaragna
                                                                       TX Bar No 24043308
                                                                       DLA PIPER LLP (US)
                                                                       401 Congress Avenue, Suite 2500
                                                                       Austin, TX  78701-3799
                                                                       Tel: 512.457.7125
                                                                       Fax: 512.457.7001
                                                                       john.guaragna@dlapiper.com

> Aaron G. Fountain
> Texas Bar No. 24029638
> aaron.fountain@dlapiper.com
> DLA Piper LLP
> 1000 Louisiana, Suite 2800
> Houston, Texas  77002
> Tel:  (713) 425-8445
> Fax:  (713) 300-6045
> aaron.fountain@dlapiper.com
>
> **ATTORNEYS FOR DEFENDANT SOCIAL CONCEPTS, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 20, 2014, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile and/or first class mail.

> */s/ John M. Guaragna*
> John M. Guaragna